IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-00968-PAB

MAURICIO CABALLERO OCHOA,

     Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security,
TODD BLANCHE, Acting U.S. Attorney General,
GEORGE VALDEZ, Denver Field Office Director, U.S. Immigration and Customs Enforcement, and
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,

     Respondents.[1]

---

**ORDER**

---

This matter comes before the Court on petitioner Mauricio Caballero Ochoa's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 10.

## I. BACKGROUND[2]

Petitioner is a Mexican citizen and national. Docket No. 1 at 5, ¶ 14. On June 12, 2009, petitioner lawfully entered the United States pursuant to a Border Crossing Card. *Id.*, ¶ 17. On September 15, 2009, petitioner was arrested and Immigration and Customs Enforcement ("ICE") issued petitioner a Notice to Appear. *Id.* at 6, ¶ 18. On

---

[1] Todd Blanche is substituted as a party for Pamela Bondi, George Valdez is substituted as a party for Robert Guadian, Markwayne Mullin is substituted as a party for Kristi Noem, and Juan Baltazar is substituted as a party for Dawn Ceja pursuant to Fed. R. Civ. P. 25(d).

[2] The following facts are undisputed unless otherwise noted.

January 26, 2012, an immigration judge administratively closed petitioner's removal proceedings.  *Id.*  Petitioner filed a Form I-360, Petition for Amerasian, Widow(er), or Special Immigrant, and Form I-485, Application to Register Permanent Residence or Adjust Status, which remain pending.  *Id.*

On August 2, 2025, petitioner was arrested and then detained at Washakie County Jail in Worland, Wyoming.  *Id.* at 5, ¶¶ 15-16.  However, he was later released after posting a $500 bond.  *Id.*, ¶ 16.  On August 5, 2025, petitioner was taken into ICE custody.  *Id.* at 6, ¶ 19.  On September 10, 2025, petitioner appeared before an immigration judge and requested a custody redetermination.  *Id.* at 6, ¶ 20.  The immigration judge found that the court lacked jurisdiction to conduct a custody redetermination.  *Id.*  Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado.  *Id.* at 6-7, ¶ 21.

On March 10, 2026, petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  *Id.*  Petitioner brings a claims for violation of the Immigration and Nationality Act ("INA") (Count I); violation of the Due Process Clause of the Fifth Amendment of the United States (Count II); violation of the Administrative Procedure Act ("APA") (Count III); violation of the Equal Protection Clause of the Fifth Amendment (Count IV); violation of the Suspension Clause of the United States Constitution (Count V); and violation of the doctrine of *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954) (Count VI).  *Id.* at 16-31.

## II.  ANALYSIS

Respondents argue that petitioner is not entitled to a bond hearing because he has failed to exhaust his administrative remedies.  *See* Docket No. 10 at 5-6. Respondents note that the immigration judge denied petitioner's motion for custody

redetermination because the court lacked jurisdiction to grant such relief and, in the alternative, declined to grant bond. *Id.* at 5-6. Specifically, the immigration judge found that, even if the court did have jurisdiction to consider petitioner's motion for custody redetermination, petitioner "did not establish that he is not a danger to people or property if released from custody." Docket No. 1-1 at 5. Respondents argue that petitioner had an obligation to exhaust his administrative remedies by appealing the immigration judge's decision to the Board of Immigration Appeals (the "BIA"). *See* Docket No. 10 at 6. Furthermore, respondents concede petitioner is detained subject to 8 U.S.C. § 1226 and that petitioner may therefore request a bond hearing. *See id.* Respondents contend that a "bond hearing is merely pending scheduling" by the Executive Office of Immigration Review ("EOIR"). *See id.*

"The INA mandates exhaustion as to final orders of removal, but it contains no exhaustion provision regarding challenges to preliminary custody or bond determinations." *Francisco v. Dedos*, 2026 WL 145456, at *7 (D.N.M. Jan. 20, 2026). "When Congress does not require exhaustion in the statute then the district court has discretion to decide if administrative exhaustion is required." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1181 (D. Colo. 2024).

The Court can excuse a party from exhausting administrative remedies where doing so would be futile. *See Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *2 (D.N.M. Nov. 14, 2025). In *Matter of Jonathan Javier Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025), the BIA held that any noncitizen arrested within the United States and charged with being inadmissible – regardless of whether he or she was arrested at a port of entry or after already residing in the United States – is subject to mandatory

3

detention under 8 U.S.C. § 1225(b)(2)(A) and therefore ineligible for a bond hearing. Thus, pursuant to *Hurtado*, the immigration judge lacked jurisdiction to provide petitioner a bond hearing, "rendering any attempt to seek relief directly from the agency futile." *See Pu Sacvin*, 2025 WL 3187432, at *2. Because exhaustion would be futile, the Court will excuse petitioner from exhausting his administrative remedies. *See L.G.*, 744 F. Supp. 3d at 1182 ("The Court agrees with Petitioner that an appeal to the BIA would be futile here considering the BIA's prior decisions concerning detention under § 1226(a) require the noncitizen to carry the burden that he is not a flight risk and not a danger to the community."). Because the Court agrees that petitioner is detained pursuant to 8 U.S.C. § 1226, petitioner is entitled to a bond hearing.[3]

Respondents represent that, on March 3, 2026, petitioner filed a renewed motion for custody redetermination and that petitioner's "custody redetermination hearing is awaiting scheduling by EOIR." Docket No. 10 at 3. The fact that petitioner filed a motion for a custody redetermination to seek a bond hearing does not mean that such a hearing has been scheduled, and there is no evidence that a bond hearing will be scheduled. At this stage, there is no evidence that the immigration judge would treat petitioner's renewed motion any differently than she treated petitioner's original motion, where she found that the court lacked jurisdiction under *Hurtado*. Accordingly, the Court will order respondents to provide petitioner a bond hearing.

---

[3] Respondents' concession that petitioner is detained pursuant to § 1226 and is thus entitled to a bond hearing does not change the fact that *Hurtado* has deprived the immigration judge of jurisdiction to redetermine petitioner's custody and that the immigration judge has already found as much.

Petitioner requests that the Court order respondents to provide "a constitutionally adequate bond hearing at which DHS bears the burden of proving that Petitioner is a danger to the community or risk of flight, or reasonable conditions of supervision." Docket No. 1 at 32. As respondents note, the Court has previously declined to shift the burden of proof to the government. *See De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026). In *De La Cruz*, the Court noted that courts have the authority to intervene if immigration judges are imposing unconstitutional standards at bond hearings. *See id.* at *4 n.7. The Court declined to do so in *De La Cruz* because there was no indication that immigration judges in this district have been applying an inappropriate standard. *See id.* Here, however, the immigration judge has evinced an intent to make petitioner bear the burden of proof at the bond hearing. Although the immigration judge found that she lacked jurisdiction to conduct a bond hearing, she further opined that, in the alternative, she would deny bond because petitioner "did not establish that he is not a danger to people or property if released from custody." *See* Docket No. 1-1 at 5. Therefore, the Court finds it proper to address whether petitioner bears the burden of proof. "[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026 (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context"). Accordingly, the Court will order respondents to

5

provide a bond hearing where the government shall bear the burden of proving that petitioner's continued detention is justified.[4]

## III. CONCLUSION

Therefore, it is

**ORDERED** that petitioner Mauricio Caballero Ochoa's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that petitioner's Motion for Temporary Restraining Order and Preliminary Injunction [Docket No. 2] is **DENIED as moot**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.  It is further

---

[4] Because the Court will order respondents to provide petitioner a bond hearing on the basis of Count I, which alleges respondents' violation of the INA, it will not address petitioner's other claims for relief.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *8 (D. Colo. Oct. 22, 2025) ("The Court will thus grant the Petition with respect to Petitioner's first claim.  Since the Court's ruling on the INA claim will afford Petitioner the entirety of the relief he seeks, the Court need not address Petitioner's remaining arguments.").  Furthermore, the Court finds that providing a bond hearing, rather than ordering petitioner's immediate release, is the proper remedy.  *See id.* at *9 ("an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court").  The Court will not consider petitioner's request for attorney's fees because petitioner fails to comply with the Local Rules of the District of Colorado.  *See* Docket No. 1 at 32.  A motion for attorney's fees must be filed in accordance with D.C.COLO.LCivR 54.3.  *See* D.C.COLO.LCivR 54.3 ("Unless otherwise ordered, a motion for attorney fees shall be supported by affidavit. . . .  The Motion shall include . . . for each person for whom fees are claimed: (1) a summary of relevant qualifications and experience; and (2) a detailed description of the services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed.").

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED April 10, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge